**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BRIAN RAY BROWN, #214302**                                          **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 1:21-cv-61-TBM-RPM**

**ANDREW MILLS,** *Superintendent*                                   **RESPONDENT**

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION
[9] TO HOLD THIS HABEAS PETITION IN ABEYANCE AND/OR
DISMISS THIS CIVIL ACTION WITHOUT PREJUDICE**

This matter is before the Court on *pro se* Petitioner Brian Ray Brown's Motion [9] entitled "Motion to Hold in Abeyance or in the Alternative to Dismiss Without Prejudice." [9] at 1-5. Having reviewed Brown's Petition [1] and Motion [9], the Court finds that Brown's Motion [9] will be granted in part and denied in part.

### I. BACKGROUND

Brown filed his petition for habeas relief under 28 U.S.C. § 2254. He is challenging the revocation of his probation that resulted in him being sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and the remainder of his sentence to be served on post-release supervision. [1] at 1, 5-7. Brown's ground for habeas relief is that he has received an illegal sentence because it "exceeds the maximum allowed by law." *Id.* at 5. Specifically, Brown argues that "[t]he law only allows a person to serve five (5) years on post release supervision (P.R.S.)." *Id.* at 6-7. Brown claims that he should be sentenced to only five years on post release supervision not ten years. *See id.* at 7.

The Court subsequently entered an Order [6] directing Brown to provide information establishing that he had exhausted his available state court remedies as required by 28 U.S.C.

§ 2254(b)(1)(A) and (c). *See* [6] at 3. Brown failed to respond, and the Court entered an Order to Show Cause [7]. Again, Brown failed to respond, and the Court entered a Second and Final Order to Show Cause p8]. In response to the Second Order to Show Cause [8], Brown filed his Motion [9] entitled "Motion to Hold In Abeyance or in the Alternative to Dismiss Without Prejudice." [9] at 1-5.

## II. DISCUSSION

### A. Brown's Motion to Hold in Abeyance

The Court has the authority to stay a habeas petition that contains both exhausted and unexhausted claims, which is referred to as a "mixed" petition, and hold it in abeyance while a petitioner presents his unexhausted claims to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 271, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding that the district court has discretion to stay rather than dismiss a mixed habeas petition). Brown asserts only one ground for habeas relief and admits that he has not exhausted his state court remedies. [1] at 5; [9] at 1-2. With only unexhausted claims asserted, Brown's habeas petition is not a "mixed" petition. Accordingly, Brown's request to hold this action in abeyance is denied.

### B. Brown's Motion to Dismiss

A petitioner "must exhaust all claims in state court prior to requesting federal collateral relief" under 28 U.S.C. § 2254. *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). "Brown admits that he has not exhausted his State remedies as required by a myriad of legal precedent." [9] at 1-2. Brown further states that his "immediate intention is to notice the trial court and sentencing Judge Krebs in hopes of a simple

and quick resolution." *Id.* at 3. Brown's request to dismiss the instant habeas petition without prejudice so that he may exhaust his available state court remedies is granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Petitioner Brian Ray Brown's Motion [9] is granted in part and denied in part. Petitioner Brown's Motion [9] to hold this civil habeas action in abeyance is **DENIED.** Petitioner Brown's Motion [9] to voluntarily dismiss this civil habeas action is **GRANTED.** This civil habeas action is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 25th day of February, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

3